

The Law Office of
# Andrew D. Stammel

PO Box 1528; 91 Chestnut Street
Oneonta, NY 13820
Phone: (607) 222-1591
Fax: (607) 323-4153
Andrewstammelesq.com

May 21, 2012

Hon. David E. Peebles
United States Magistrate Judge
United States District Court
Northern District of New York
Federal Building and U.S. Courthouse
P.O. Box 7345
Syracuse, New York 13261

                RE: Robert M. Vance v. Mead Westvaco Corporation
                Civil Action No.: 3:11- CV-1443 (NAM/DEP)

Dear Magistrate Judge Peebles,

    This office was retained to represent the plaintiff in the above-entitled matter.  The present letter is my letter motion asking for the following relief:

1. **Motion to withdraw as counsel due to the plaintiff's clear and definite termination of my representation (without good cause);**

2. **In the alternative (if the Court finds that the client has somehow rescinded his discharge of this attorney), this attorney moves to withdraw because the client's actions and behavior have given this attorney good cause to withdraw;**

3. **Motion to place a charging lien on any monetary recoveries obtained by the former client in the proceedings in which this attorney had rendered legal services, pursuant to Section 475 of the Judiciary Law.**

    **I.   Motion to withdraw as counsel due to client's not for cause discharge**

The plaintiff, Robert M. Vance, terminated my representation without good cause.  The client had a completely apparently made this decision due to personality and preference differences.  The client had an unrealistic idea of the appropriate amount of communication between attorney and client.  Despite the fact that the client has only been represented by this firm for approximately 5 months, the client has sent over 150 emails and scores of phone calls.  Additionally, dozens of text messages were sent to this attorney's cell phone, despite repeated requests that this not be done.  If the client did not receive a response from this attorney within what he thought to be a reasonable time frame (often one-two hours), he would react inappropriately, emotionally, and abusively.  This violation of the firm's policies and the client's statement of responsibilities began nearly at the outset of this litigation.

    The client's interactions with this attorney further deteriorated in late March.  On March 27th the client called this attorney and left a message requesting information. That day, this attorney responded via email and gave the client an update regarding his case.  The client apparently did not feel the email was adequate.  He proceeded to make five calls, send 3 emails, and two text messages to this attorney all within two hours.  When the client becomes agitated such as this, he tends to become verbally abusive and hurl insults at this attorney.  This attorney responded via telephone (left a message) and via email.  The client was warned that this behavior was inappropriate and bordered on harassment.

    The client's behavior again deteriorated in or around April 30th.  The client became anxious about an issue he believed to be happening related to his workplace.  This attorney attempted to counsel him through it, consulted with opposing counsel, and offered to set up a meeting between the client and attorney.  The client apparently did not agree with this response.

    On May 1st, the client sent several written messages between 12:27-12:30 PM  to this attorney in which he terminated representation/ discharged this attorney.  The client stated "On behalf discussion with family and friends.  The fact how you respond to me.  Your service is no longer needed!"…."I don't want a weak player".

On May 1st, on or about 1 PM this attorney telephoned the client and left a voicemail acknowledging the termination of representation.  On May 1 at 2:16 PM this attorney sent a thorough email to the client, acknowledging the termination of representation and informing him as to how he may proceed pro se or with another attorney.  Between May 1st and May 19th, the client contacted this attorney multiple times with messages on all ends of the emotional spectrum.  At times the client expressed his regret for having discharged this attorney and requested that the attorney re-consider representation.  In other messages the client expressed negative and aggressive comments toward this attorney, such as that this attorney was "weak" and could not "handle" his case.  The harassing communications have continued at least through May 19th.

This attorney mailed a separate acknowledgment of the termination to the client on or about May 17, 2012, after it had become clear that the client needed more clarity in regard to that issue.

This attorney has notified opposing counsel of this attorney's discharge by the plaintiff.  Opposing counsel has expressed no objection to the present letter motion to the Court or to his withdrawal generally.  This litigation is in very early stages and the client has ample time to locate a new attorney.

Wherefore, it is respectfully requested that this Court grant this attorney's motion to withdraw due to the plaintiff's clear written termination which was sent to the attorney and the attorney's subsequent acknowledgement and confirmation of the same.

## II. Alternatively, motion by the attorney to withdraw because client has given attorney good cause to do so

The client has also given this attorney good cause to terminate the attorney-client relationship and for the Court to grant this attorney's request to withdraw as counsel.  The client's behavior toward this attorney has periodically been aggressive, hostile, abusive, harassing, illogical, incoherent, emotional, and otherwise inappropriate.  He has shown a lack of emotional stability

and this attorney is no longer able to deal with this client without fear for his own safety and well being.

Additionally, the client has repeatedly disregarded this attorney's requests and legal counsel. The undersigned has explained multiple times to the client how to appropriately communicate with this firm. The client has ignored the advice and has continued a course of harassing behavior and abuse which includes repetitive calls and emails and the use of text messages, which has been explicitly prohibited by this firm from the outset.

The client has ignored important legal counsel. This attorney has counseled the client repeatedly that he must only communicate with the defendant in an appropriate manner and under certain circumstances. The client has disregarded this counsel and has possibly jeopardized his litigation in doing so. The attorney and client have used email for the majority of their communication due to the client's hearing disability and expressed preference. However, the client has shown that he is unable to do this in a reliable and professional manner. The client has on at least one occasion forwarded sensitive attorney-client communications directly to the defendant.

Because of the plaintiff's irrational, alarming, emotional, incoherent, unprofessional, and aggressive behavior, his total disregard for this attorney's legal counsel and his expressed opinion that this attorney is a "weak player" who "cannot handle" his case, it is no longer appropriate for this attorney to represent the client.

The client has given this attorney good cause to withdraw as counsel.

Wherefore, it is respectfully requested that this Court grant this attorney's motion to withdraw as counsel because the client has given the attorney good cause to do so.

**III. Motion to Place a Charging Lien Pursuant to the Judiciary Law**

The client, Robert Vance, signed a contingent fee retainer agreement with this law firm on or about November 22, 2011, which would award a 33.333% share of damages along with costs and disbursements to this firm. Since that date, the undersigned attorney has worked

dozens of hours on this case performing tasks, which include but are not limited to the following: reviewing the client's file and paperwork, drafting the complaint and other initiating documents, conducting extensive research, filing the complaint and other documents, meeting with the client on at least four occasions, speaking with the client by telephone, communicating via email with the client and opposing counsel, commencement of discovery (reading and drafting demands, etc.), traveling to court in Binghamton for the initial appearance in this matter.

Despite the dozens of hours of work and significant resources committed to this matter, this firm has not received any payment whatsoever.

Because the client has discharged the undersigned attorney without good cause (or in the alternative, because the client has given this attorney good cause to withdraw) the attorney is entitled to a lien on any potential proceeds, pursuant to the Judiciary Law, Section 475. Opposing counsel did not express an objection to the present motion, of which he is aware.

Wherefore, the undersigned hereby requests that the Court grant a charging lien in the present matter according to terms that are reasonable and equitable to the attorney, given the work done by the firm and the retainer agreement between the parties.

If the Court requests that I make a formal motion instead of the present letter motion, I will do so. I would also hereby request that the Court grant a brief adjournment of the parties' June 19th phone conference in order to allow the client ample time to locate new counsel. Thank you for your attention to this matter.

Respectfully,

/s/ Andrew D. Stammel

Andrew D. Stammel, Esq.
Bar Roll No.: 515878
adstammel@gmail.com

Cc: Albert J. Millus, Jr. (via ECF service only)
amillus@hhk.com

Robert Vance
12 Raymond Ave.
Oneonta, New York 13820